## Bigelow v. PennDOT

*David L. Lockard,* for plaintiffs.

*John G. Eidemueller, Jr., deputy attorney general,* for the Commonwealth.

DOWLING, *J.,* March 18, 1987—We must put this case on the road again. Originally begun in Philadelphia County, it was transferred to Dauphin County, and we now forward it to Washington County where it could have and should have been first filed.

Plaintiff was driving his truck on Pa. Rte. 70 in Washington County when it allegedly struck a large pothole causing him to bounce around in the vehicle to such an extent that he suffered certain injuries. At the time, May 9, 1984, Mr. Bigelow lived in Elizabethtown, Dauphin County, Pa., and apparent-

ly received some medical treatment in this area. When he filed suit, however, he and his wife were citizens of the state of Ohio residing in West Jefferson. The legal basis for the original venue, i.e., Philadelphia County, was the fact that defendant had an office in that jurisdiction. Defendant filed to transfer the matter to Washington County under the statutory aegis of 42 Pa.C.S. §8523(a), which provides that actions against the Commonwealth may be brought in the county in which the accident occurred. It requested, pursuant to the doctrine of forum non conveniens [codified by way of Rule of Civil Procedure 1006(d)(1)], that the matter go to Washington County because:

"(a) The accident in question occurred in Washington County.

(b) The police investigation was performed by the local police department and/or State Police stationed in Washington County.

(c) The witnesses to the accident will presumably be located in Washington County.

(d) Much of the medical treatment provided to plaintiffs has been performed by personnel local to Washington County.

(e) Any and all Commonwealth employees with knowledge pertinent to the maintenance and inspection of the situs would be in Washington County.

(f) Plaintiffs are from Ohio and, as such, are in closer proximity to Washington County, Pennsylvania, for purposes of discovery, deposition and trial."

For reasons which do not appear in the Court's opinion, The Honorable Thomas A. White, Judge of the Court of Common Pleas of Philadelphia County, transferred the case to Dauphin County, perhaps on the theory that this was the principal office of the Commonwealth, and our court could exercise its

discretion under 42 Pa.C.S. §8523 and transfer the action to a more appropriate county.*

We elect to utilize the power granted to us, and for the reasons set forth by the Commonwealth and for the further consideration that should this case involve a view which is entirely possible concerning the nature of the allegations, the jury would have considerably less distance to travel. While it is true that plaintiff should have some say as to where suit is begun, it can hardly object unduly since its choice of form has already been disturbed by Judge White in his order of transfer.

There is also pending before this court a motion of plaintiff to compel production of documents and a motion of defendant for sanctions. Both of these matters relate to discovery issues, which we feel should be dealt with by the trial court.

## OMNES VIAE ROMAN DUCUNT

Accordingly, we enter the following

## ORDER

And now, this March 18, 1987, this action is transferred to Washington County.

---

* (a). Venue. . . Actions for claims against a party may be brought in and only in the county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the action arose. *If venue is obtained in the 12th Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any Judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.*" (Emphasis added).